**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109790

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TARA WOLIN,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC CREDIT & FINANCE INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

TARA WOLIN (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ATLANTIC CREDIT & FINANCE INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Roanoke, Virginia.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's letter violated the FDCPA.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

21. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

22. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

23. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

24. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

25. Defendant has defined itself in the letter as "Atlantic."

26. Defendant has defined Atlantic Credit & Finance Special Finance Unit, LLC, in the letter as "ACF."

27. Defendant has defined Midland Funding, LLC, in the letter as "MID."

28. Defendant's letter states, "MID has purchased or was otherwise assigned the account (the "Account") referenced above and it has been placed with Atlantic Credit & Finance, Inc. ("Atlantic") for collection."

29. Defendant's statement that "MID has purchased or was otherwise assigned the account" is vague and confusing.

30. The least sophisticated consumer would likely be confused as to what "purchased or was otherwise assigned the account" means.

31. The least sophisticated consumer would likely be uncertain as to what "purchased

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

or was otherwise assigned the account" means.

32. Defendant's letter directs Plaintiff to make her check payable to "Atlantic Credit & Finance, Inc."

33. Defendant's letter states, "Atlantic is entitled to be paid the balance due."

34. Defendant's statement that "Atlantic is entitled to be paid the balance due" contradicts the prior statement that "MID has purchased or was otherwise assigned the account."

35. Defendant's statement that "Atlantic is entitled to be paid the balance due," contradicting the prior statement that "MID has purchased or was otherwise assigned the account" would make the least sophisticated consumer confused as to the creditor to whom the debt is owed.

36. Defendant's statement that "Atlantic is entitled to be paid the balance due," contradicting the prior statement that "MID has purchased or was otherwise assigned the account" would make the least sophisticated consumer uncertain as to the creditor to whom the debt is owed.

37. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed in both letters.

38. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed in both letters.

39. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed in both letters.

**SECOND COUNT**
Violation of 15 U.S.C. § 1692e
False or Misleading Representations as to the Name of the
Creditor to Whom the Debt is Owed

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

4

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

46. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

47. The least sophisticated consumer would likely be deceived by Defendant's conduct.

48. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

49. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

53. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

54. Debt collectors may not make false statements in their efforts to collect debts.

55. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

56. Defendant's statement that "Atlantic is entitled to be paid the balance due," contradicts the prior statement that "MID has purchased or was otherwise assigned the account."

57. If MID is the owner of the debt, it is false that Atlantic is entitled to be paid.

58. If Atlantic is entitled to be paid, it is false that MID owns the debt.

59. The least sophisticated consumer would likely be deceived by Defendant's conduct.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

60. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

61. Defendant has violated § 1692e by using a false, deceptive and misleading representation in their attempt to collect the alleged debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692f
### Disclosure of Defendant's Business Name

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

64. Defendant placed its business name "Atlantic Credit & Finance, Inc." on its mailing to Plaintiff.

65. Defendant's business name indicates that Defendant is a debt collector.

66. Defendant has violated § 1692f by disclosing its business name in its mailing to Plaintiff.

## JURY DEMAND

67. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: November 19, 2015

        **BARSHAY SANDERS, PLLC**

        By:  /s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 109790

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530